UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPARTMENTAL REVIEW BOARD, et al.,<br><br>        Defendants. | No. 2:17-cv-02191 AC P<br><br><br>ORDER |

Defendants removed this action from the Sacramento County Superior Court on October 19, 2017. ECF No. 2. Attached to their notice of removal was a copy of plaintiff's complaint. Id. at 6. Plaintiff is a state prisoner and, pursuant to 28 U.S.C. § 1915A, defendants now request that the court screen his complaint and dismiss any claims that are frivolous, malicious, or which fail to state a cognizable claim. After reviewing plaintiff's complaint, the court concludes that it fails to comply with the federal rules of civil procedure. Plaintiff will be given leave to amend his complaint.

I.     Jurisdiction

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

1

"If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an independent obligation to examine their own jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990).

Here, plaintiff has raised at least two federal claims. He alleges that defendants Kernan, Stainer, and Does One through Four agreed to punish plaintiff in violation of the Eighth and Fourteenth Amendments. ECF No. 2 at 9. Plaintiff also alleges a First Amendment violation insofar as defendants have punished him for exercising his right to "petition the government for redress of a grievance." Id. at 12-13. Consequently, the court concludes that it has jurisdiction over plaintiff's claims. See Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). In turn, it may exercise supplemental jurisdiction over plaintiff's remaining state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Having concluded that federal question jurisdiction exists, the court turns to the screening of the complaint.

II.     Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. See, e.g., Morris v. Horel, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

2

1 | Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2 | Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
3 | meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona,
4 | 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
5 | on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490
6 | U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded,
7 | has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

III. <u>Analysis</u>

At the outset, the court notes that plaintiff's complaint, despite having been removed from state court, is now subject to the federal rules of civil procedure. <u>See</u> Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action once it is removed from state court."). Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact. Plaintiff's complaint violates this rule insofar as it attempts to bring unrelated claims against multiple defendants. Plaintiff alleges that: (1) defendants Kernan, Stainer, and various Does violated his rights by declining to approve his cataract surgery, and their failure to do so has resulted in his effective blindness (ECF No. 2 at 9-13); (2) defendants Stainer and Departmental Review Board violated his rights under California's Information Practice Act by failing to comply with plaintiff's written request for records pertaining to him (<u>id.</u> at 13-14); (3) defendants Kelso, Bright, Gamboa, various Does, and Health Care Services committed medical malpractice by failing to treat: cardiology issues, hearing issues, and a urinary tract infection (<u>id.</u> at 14-17); (4) defendants McCall, Green, and various Does denied him accommodations mandated by the Americans with Disabilities Act (<u>id.</u> at 17-20); and (5) a Doe defendant seized plaintiff's typewriter in retaliation for his ongoing litigative activities against all of the named defendants (<u>id.</u> at 21-22). The court is unable to discern any common questions of law or fact between these five claims. Additionally, trying to proceed with these disparate claims in a single case would be practically difficult, if not impossible.

Plaintiff will be afforded an opportunity to file an amended complaint which asserts only claims arising from common events and containing common questions of law or fact. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[u]nrelated claims against different defendants belong in different suits."). Alternatively, plaintiff may select a single defendant and bring as many claims as he has against that party. <u>See</u> Fed. R. Civ. P. 18(a).

IV. <u>Leave to Amend</u>

Plaintiff may amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving

4

him of his constitutional rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." See 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George, 507 F.3d at 607. Nor, as explained above, may he bring unrelated claims against multiple defendants. Id.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

V.  Summary of the Order for a Pro Se Litigant

Your complaint is being dismissed with leave to amend. The court has concluded that you've tried to bring multiple, unrelated claims against more than one defendant. You are being

5

| | |
|---|---|
| 1 | given an opportunity to amend your complaint.  If you choose to do so, your complaint should |
| 2 | comply with the requirements of this order. |
| 3 |     VI.    <u>Conclusion</u> |
| 4 |     The court notes that, although plaintiff's complaint is on the record as an attachment to the |
| 5 | notice of removal (ECF No. 2), it has not actually been docketed as a free standing filing.  In light |
| 6 | of the foregoing, the court will not direct the clerk of court to do so.  Instead, it is ORDERED |
| 7 | that: |
| 8 |     1.    Plaintiff must submit an amended complaint that complies with the requirements |
| 9 | of this order within thirty days; and |
| 10 |     2.    He is cautioned that failure to comply with this order may result in dismissal of |
| 11 | this action for failure to prosecute. |
| 12 |     SO ORDERED. |
| 13 | DATED: October 24, 2017 |

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE