UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENTAL REVIEW BOARD,<br>et al.,<br><br>        Defendants. | No. 2:17-cv-2191 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

By order issued October 24, 2017 (ECF No. 4), plaintiff was directed to submit an amended complaint[1] that complied with specified requirements.[2] He was given thirty days to do so. Id. at 6. At that time, plaintiff was cautioned that failure to comply with the order might result in dismissal of his complaint for failure to prosecute. Id. Over one hundred days have now passed, and plaintiff has not filed an amended complaint or otherwise substantively responded to the court's order. Instead, plaintiff has filed the following six documents with the court: (1) a motion to vacate the court's October 2017 order (ECF No. 7); (2) a request for accommodations

---

[1] Plaintiff's complaint is on the record as an attachment to a notice of removal. See ECF No. 2.
[2] Specifically, a screening of the complaint determined that the filing attempted to bring five unrelated claims against multiple defendants in violation of Federal Rule of Civil Procedure 20(a)(2). See ECF No. 4 at 6; see also Fed. R. Civ. P. 20(a)(2) (stating right to relief against multiple defendants must arise out of common events and must contain common questions of law or fact).

1

asking the chief judge of this court to provide him with, amongst other things, a computer and eye surgery (ECF No. 8); (3) objections to alleged violations of Local Rule 305(a) (ECF No. 9); (4) a request that judicial notice be taken of a state civil code (ECF No. 11); (5) a reply to defendants' opposition to plaintiff's request for accommodations (ECF No. 12), and (6) a motion to compel production of documents (ECF No. 13).

These filings demonstrate plaintiff's ability to articulate his positions and to draft and file legal documents. Accordingly, it is clear that plaintiff is capable of drafting an amended complaint and that he has access to resources to do so. However, plaintiff's several filing provide no indication that he intends to do so. See generally ECF Nos. 7, 8, 9, 11, 12, 13. As a result, for the reasons listed below, in addition to denying plaintiff's motion to vacate (ECF No. 7), his request for accommodations (ECF No. 8), his request that the court take judicial notice of a civil code (ECF No. 11), and his motion to compel (ECF No. 13), the undersigned will also recommend that plaintiff's complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

I. Plaintiff's Motion to Vacate the Court's Order to Amend the Complaint

The only one of plaintiff's filings that even remotely responds to the court's October 24, 2017 order is the motion to vacate it. See ECF No. 7. Plaintiff argues, inter alia,[3] that the court's order should be vacated due to lack of jurisdiction because: (1) all parties have not consented to the undersigned presiding over this case as required under 28 U.S.C. § 636(c), and (2) 28 U.S.C. § 1915(a) precludes the undersigned from screening this matter given that plaintiff has not filed an in forma pauperis application. ECF No. 7 at 1-2.

With respect to the matter of consent jurisdiction, plaintiff appears to misunderstand the application of 28 U.S.C. § 636. While a magistrate judge is precluded from involuntarily dismissing an action, see 28 U.S.C. § 636(b)(1)(A), she may recommend such a dismissal to a district judge via findings and recommendations, see 28 U.S.C. § 636(b)(1)(B)-(C). Thereafter,

---

[3] Plaintiff also argues that because: (1) the complaint was not formally filed or docketed, and (2) the case was not properly removed to federal court, the undersigned lacks jurisdiction to preside over this case. See ECF No. 7 at 2-3. However, plaintiff provides no legal authority to support either of these claims. See id.

the district judge will review the findings and recommendations de novo and either accept, reject or modify them in whole or in part. See 28 U.S.C. § 636(b)(1)(C).

As for the matter of jurisdiction as it purportedly relates to plaintiff's failure to have filed an in forma pauperis application, the argument is somewhat convoluted. See generally ECF No. 7 at 1-2. To the extent, however, that plaintiff is asserting that this action has not been properly commenced (and that jurisdiction, therefore, has not properly attached) because plaintiff has yet to file an in forma pauperis affidavit as required under 28 U.S.C § 1915(a), this argument is flawed. First, Section 1915(a) addresses the authorization of the commencement of an action in situations *where prepayment of fees has yet to occur*. See 28 U.S.C. § 1915(a) ("[A]ny court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees."). In the instant action, the record indicates that both the filing and administrative fees of $400.00 were paid by the defendants pursuant to Section 1914(a) et seq. when the case was removed to federal court. Furthermore, it is well established that the payment of filing fees required under Section 1914 is not a jurisdictional requirement. Cintron v. Union Pac. R. Co., 813 F.2d 917, 920-21 (9th Cir. 1987) ("While [28 U.S.C. § 1914] is not merely a local rule, it should not be raised to the level of a jurisdictional requirement.") (brackets added); see Klemm v. Astrue, 543 F.3d 1139, 1143 (9th Cir. 2008) (discussing relevance of Cintron).

In sum, the law is clear: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if court determines that the action fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). It has already been determined that plaintiff's complaint, as currently filed, fails to state a claim. See ECF No. 4 at 4 ("The court is unable to discern any common questions of law or fact between these five claims."). This is why the court ordered plaintiff to file an amended complaint. See id. at 6. To date, plaintiff has failed to remedy the complaint's deficiencies. Thus, the recommendation to dismiss this action complies with 28 U.S.C. § 636 and 28 U.S.C. § 1915, and the district court has jurisdiction to act on the recommendation.

II.     Plaintiff's Additional Motions and Requests

Given the facts that: (1) plaintiff's original complaint fails to state a claim upon which relief can be granted (see ECF No. 4 at 4), and (2) plaintiff has refused to remedy the deficiencies in the complaint by amending it as ordered by the court, there is currently no viable action upon which plaintiff may proceed. Any motions or requests that plaintiff has filed after the original, deficient complaint are therefore premature. As such, they must be denied. See Flast v. Cohen, 392 U.S. 83, 94 (1968) (stating federal courts' power is "constitutionally restricted to 'cases' and 'controversies'"); see Rivera v. Freeman, 469 F.2d 1159, 1162-63 (9th Cir. 1972) (stating if court has no case or controversy before it, it has no power to hear the matter in question); see, e.g., Jones v. California State Superior Courts, No. 1:17-cv-00232-DAD-BAM (PC) 2017 WL 6550503, at *2 (E.D. Cal. Oct. 6, 2017) ("Until such time as there is an operative complaint with cognizable claims for relief, any requests for preliminary injunctive relief are premature."); see also Thomas v. Davey, No. 1:16-cv-00925-AWI-BAM (PC), 2017 WL 2720526, at *2 (E.D. Cal. June 23, 2017) (stating same); see also Blackwell v. California Dept. of Corrections, No. 1:05-CV-00856-AWI-SMS-P, 2006 WL 3703374, at *1 (E.D. Cal. Dec. 14, 2016) (stating motion for injunctive relief is premature prior to amended complaint with cognizable claims being filed).

In light of the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to vacate the court's October 24, 2017 order directing him to file an amended complaint (ECF No. 7) is DENIED;

2. Plaintiff's request for accommodations (ECF No. 8) is DENIED without prejudice as premature;

3. Plaintiff's request for judicial notice (ECF No. 11) is DENIED without prejudice as premature;

4. Plaintiff's motion to compel the production of documents (ECF No. 13) is DENIED without prejudice as premature, and

5. The Clerk of the Court is directed to assign a district judge to this case.

IT IS FURTHER RECOMMENDED that this action be dismissed for failure to prosecute. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: February 5, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE