UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENTAL REVIEW BOARD,<br>et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-2191 AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On February 20, 2018, plaintiff filed two motions to stay the progression of this case. See ECF Nos. 15, 16. For the reasons below, the court will deny these requests.

　　　　On October 24, 2017, plaintiff was directed to submit an amended complaint. ECF No. 4. He was given thirty days to do so. Id. at 6. At that time, he was cautioned that failure to comply with the order might result in dismissal of his complaint for failure to prosecute. Id.

　　　　Over one hundred days later, plaintiff had not filed an amended petition. During that period, however, plaintiff had filed several other pleadings. See generally docket (six pleadings filed by plaintiff between court order to file amended pleading and court recommendation to dismiss matter). Consequently, on February 5, 2018, the undersigned recommended that the case be dismissed for failure to prosecute. ECF No. 14. The recommendation was based on the
/////

1

court's determination that plaintiff's filing of non-complaint-related documents indicated that he was capable of filing an amended complaint.

The instant motions to stay filed by plaintiff request that the case in its entirety be stayed due to plaintiff's vision impairment. See ECF No. 15 at 1; see also ECF No. 16 at 1. Plaintiff claims that he has been unable to read the court's orders and file responses to them. See ECF No. 15 at 1-2; see also ECF No. 16 at 1-2. Plaintiff also states that a stay should be granted because it is currently being determined "whether the Americans with Disabilities Act of 1990 applies to the United States District Court of Eastern California." See ECF No. 15 at 2; see also ECF No. 16 at 2. Plaintiff contends that a stay will not inconvenience anyone. See id. As purported proof of plaintiff's assertion that this issue is being considered by the Supreme Court of the United States, plaintiff attaches a copy of the brief he has drafted for the high court. See ECF No. 16 at 3-10.

Plaintiff provides no legal authority for his argument that the instant matter must be stayed while an unrelated matter he claims to have filed in the Supreme Court is being considered. See generally ECF Nos. 15, 16. More importantly, it has been determined that the claims in plaintiff's complaint fail to establish any common questions of law or fact, see ECF No. 4 at 4-5, and plaintiff has chosen not to amend his complaint and establish otherwise. Therefore, plaintiff has no viable Section 1983 claims in the instant complaint that can be stayed pending any current review by the high court.

As for plaintiff's contention that the case should be stayed indefinitely because of his vision impairment, plaintiff does not contend that corrective measures to improve his vision are imminent which might warrant a stay. See generally ECF Nos. 15, 16. On the contrary, he reports that a recent request for surgery on his left eye was recently denied. See ECF No. 15 at 2; see also ECF No. 16 at 2. Furthermore, as the court stated in its February 2018 findings and recommendations, despite any visual impairment, plaintiff's filing of multiple pleadings unrelated to an amended complaint indicates that he is currently capable of drafting and filing legal documents. See ECF No. at 14 at 2. Needless to say, this includes pleadings that could move this action forward.

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for a stay (ECF Nos. 15, 16) are DENIED.

DATED: April 9, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE